This case comes before the court on defendant’s motion for summary judgment on the ground that there exists no statutory basis for plaintiffs’ assessment of a penalty *989 against the United States for the quarterly overpayments of estimated income tax. For the reasons that follow, we grant defendant’s motion and dismiss the petition.
Plaintiffs timely filed their 1977 joint federal income tax return indicating a total tax due of $8,303. Attached to their return was a Form 2210, entitled "Underpayment of Estimated Tax by Individuals,” showing that plaintiffs had overpaid their estimated tax for the first three quarters of 1977 and underpaid their estimated tax for the fourth quarter. For the fourth quarter, plaintiffs computed the penalty due as $2.28. Using the same computational technique, they computed "penalties” on the government for amounts overpaid for the first three quarters. Plaintiffs then netted their penalty owed to the government with the "penalties” owed them by the government and arrived at an overall balance of $143.22. Plaintiffs reduced their income tax liability for 1977 on their Form 1040 by the amount of $143.22. Upon disallowance of the $143.22 claimed by them, plaintiffs paid that amount and filed a timely claim for a refund, which was subsequently disallowed on February 3,1982.
The crux of plaintiffs’ argument is that since section 6654 of the Internal Revenue Code mandates a penalty for the underpayment of estimated income tax, it is only fair that the government should pay a "penalty” or "interest” on those sums overpaid in the form of a credit against their income tax liability. Plaintiffs complain that the government should pay interest for the unauthorized use of their money.
Even if we were to agree with plaintiffs that an award of interest were just and/or equitable, we cannot award interest on a claim against the United States in the absence of express statutory or contractual authority. 28 U.S.C. § 2516(a); United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 663 (1947). That this is a claim for interest is made clear to us by plaintiffs’ characterization of their claim and the theory upon which they seek recovery. This is not a mere credit. The theory upon which plaintiffs ask us to award them a credit against their income tax liability would support a claim for a refund if no income taxes were due. Plaintiffs want the government to pay interest for the *990 use of those amounts by which they overpaid their estimated income tax which were due on a quarterly basis. They admit that no statute or regulation permits this nor can they point to any contractual arrangement permitting them to recover.
Applying the long established rule that, in the absence of express statutory or contractual authority, prohibits this court from awarding interest on money claims against the United States, see Brookfield Construction Co. v. United States, 228 Ct.Cl. 551, 559, 661 F.2d 159, 165 (1981), we grant defendant’s motion for summary judgment and dismiss the petition.
it is therefore ordered that defendant’s motion for summary judgment is granted and the petition is hereby dismissed.